**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DWIGHT T. AMBO

VERSUS

DEPUTY SGT K VAN HALEN, ET AL.

CIVIL ACTION

NO. 26-376

SECTION "I"(1)

**REPORT AND RECOMMENDATION**

On February 19, 2026, Dwight T. Ambo, an Louisiana state inmate, filed this federal civil rights complaint against Deputy Sergeant K. Van Halen and Sheriff Cartner pursuant to 42 U.S.C. § 1983.[1]

Ambo did not pay the filing fee or submit an application to proceed *in forma pauperis*. On February 24, 2026, the Clerk of Court sent Ambo a notice of the deficiency which required Ambo to either pay the filing fee or submit a properly completed and certified pauper application within twenty-one (21) days of the date of the notice.[2] On March 30, 2026, a copy of the notice of deficiency sent to Ambo at the correctional center was returned as undeliverable and stamped "RETURN TO SENDER" and "Not at EHCC."[3]

On March 31, 2026, the Court ordered Ambo to show cause why his case should not be dismissed for failure to prosecute.[4] On April 20, 2026, the copy of the order sent to Ambo at the correctional center was returned as undeliverable and stamped "RETURNED TO SENDER" and "Not At EHCC."[5]

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 2.
[3] Rec. Doc. 3.
[4] Rec. Doc. 4.
[5] Rec. Doc. 5.

1

Ambo has not notified the Court of his current address. That failure is a direct violation of this Court's Local Rules, which expressly provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1.  Moreover, it is clear that Ambo was in fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[6]

This Court's Local Rules provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. As already noted, more than thirty-five days ago, mail sent to Ambo at the Elayn Hunt Correction Center, was returned by the United States Postal Service as undeliverable.

In the light of the foregoing, it is appropriate to dismiss Ambo's complaint for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  Fed. R. Civ. P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[6] Rec. Doc. 1 at 5.

Because Ambo is proceeding *pro se*, the Court need consider only his conduct in determining whether dismissal is proper under Rule 41(b). Here, Ambo has not provided the Court with his current address despite being aware of his obligation to do so. Due solely to his failure, this Court has no way to advance this case on the docket. This delay is caused by and attributable to Ambo himself, justifying dismissal of his complaint for failure to prosecute. See Torns v. State of Miss. Dept. of Corrs., 262 F. App'x 638, 639 (5th Cir. 2008); Raborn v. Inpatient Mgt. Partners, Inc., 278 F. App'x 402, 404–05 (5th Cir. 2008). Accordingly, his complaint should be dismissed for failure to prosecute.

### RECOMMENDATION

It is therefore **RECOMMENDED** that Dwight T. Ambo's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 11th day of May, 2026.

JANIS VAN MEERVELD
**UNITED STATES MAGISTRATE JUDGE**

3